McCRACKIN v. WEITZELL.

1. **Homestead:** EXECUTION AGAINST: QUESTIONS AS TO RIGHTS AND BOUNDARIES: PROCEEDINGS. When a question arises between an execution creditor and debtor as to what lands are included in a homestead, it may be determined by proceedings under § 2002 of the Code, but the question whether a debtor has any homestead rights at all is one to be determined by a court, in a proper action for that purpose, in which proper issues shall be joined and evidence taken thereon.

*Appeal from Jefferson District Court.*

WEDNESDAY, OCTOBER 20, 1886.

THIS proceeding seems to have been instituted by the defendant, J. G. Weitzell, for the purpose of obtaining the benefit of section 2002 of the Code, and for obtaining a decree declaring certain property exempt from execution. Referees were appointed, who reported the property exempt, and the court entered a decree accordingly. The plaintiff appeals.

*J. R. McCracken* and *Leggett & McKemey*, for appellant.

*Jones & Fuller*, for appellee.

ADAMS, CH. J.—A more detailed statement is necessary for the proper understanding of the case. The plaintiff is the holder of a judgment rendered against the defendant in January, 1869. As the holder of such judgment, he caused an execution to be issued and levied upon eighty-five acres of land. Forty acres of this land was occupied by the defendant under a claim that the same was his homestead. He was living upon it, as the head of a family, and had caused a plat of it as a homestead to be duly made and recorded. He accordingly notified the sheriff of his claim of exemption, and demanded of him that he should proceed to summon referees under section 2002 of the Code. The sheriff complied with his demand. A majority of referees reported that the forty acres were exempt. The case having been docketed as above entitled, the plaintiff moved to dismiss the proceedings upon the following grounds: " (1) The facts found by the referees do not entitle the defendant to the relief demanded, in that no disagreement exists between the owner and the plaintiff as to whether the lands in question are properly a part of the homestead, but the defendant claims

the whole as his homestead, and the land so claimed does not exceed forty acres. (2) The only question is upon the validity of the deeds of Amelia Weitzell and J. G. Weitzell to Peter Roth, and that of Peter Roth and wife to J. G. Weitzell, which question cannot be tried or determined in this proceeding, and cannot be questioned by the defendant against third parties."

The report of the referees is somewhat lengthy, and we do not deem it necessary to set it out. The question involved pertains to the construction which should be put upon section 2002 of the Code. The plaintiff insists that the section has no application to such a case as this, and we have to say that we think that he must be sustained. We do not determine that the forty acres in question is not exempt, but that the question of exemption is not to be determined under that section. That section seems to contemplate a case where it is conceded that the claimant of the homestead rights has rights of that character which he is entitled to set up, but where there is a controversy as to where the line should be drawn between what is exempt and what is not. The section is in these words: " When a disagreement takes place between the owner and any other person adversely interested, as to whether any land or buildings are properly a part of the homestead, the sheriff shall, at the request of either party, summon, etc. In the case at bar it is not claimed that there is any controversy as to the extent of the defendant's homestead. The whole controversy is as to whether he has any homestead rights at all which he can set up as against the plaintiff. It is conceded by the plaintiff that, if he has any rights, they extend to the whole forty acres. There is no question of a homestead boundary involved, to be settled by inspection and marking out. The question as to whether a debtor has any homestead rights at all is a question to be determined by a court in a proper action for that purpose, in which proper issues shall be joined, and evidence taken thereon. We think that the plaintiff's motion

to dismiss the sheriff's proceedings should have been sustained.

It is contended, however, that the assignments of error are not sufficiently specific, but the error in not sustaining the motion to dismiss is specific.

REVERSED.