FRANK R. JOSLYN *v.* MOOSE RIVER LUMBER COMPANY.

May Term, 1909.

Present: MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 12, 1909.

*Chattel Mortgages—Description of Property—Sufficiency—Aider by Presumption of Ownership—Necessity of Location—Erroneous Location.*

In aid of the description in a chattel mortgage, it should be taken that the mortgagor is the owner of the property he assumes to mortgage.

A most important element in the description of mortgaged chattels is a statement of their location; and where a chattel mortgage failed to locate the property otherwise than by giving the residence of the mortgagor at a place where he formerly resided, it suggested an erroneous location, and was void for want of a proper description as against a subsequent mortgagee.

TROVER for the conversion of a horse. Plea, the general issue. Trial by jury at the October Term, 1907, Essex County, *Miles,* J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Howe & Hovey* for the plaintiff.

The property is not sufficiently described in the Garland mortgage. *Parker* v. *Chase,* 62 Vt. 206; *Kenison* v. *Stevens,* 66 Vt. 351; *Huse* v. *Estabrooks,* 67 Vt. 224; *Shum* v. *Claghorn,* 69 Vt. 45; *Desany* v. *Thorp,* 71 Vt. 31; *Stearns* v. *Silsby,* 74 Vt. 68.

By purchasing the horse, claiming absolute ownership thereof, refusing to deliver, and using the same in disregard of the plaintiff's rights thereto, the defendant is guilty of conversion. *Riford* v. *Montgomery,* 7 Vt. 411; *Tinker* v. *Morrill,* 39 Vt. 477; *Crampton* v. *Marble Company,* 60 Vt. 291; *Thorp* v. *Robbins,* 68 Vt. 53; *Straw* v. *Straw,* 70 Vt. 240; *Cooper* v. *Newman,* 45 N. H. 339.

*Elisha May* and *Guy W. Hill* for the defendant.

The description in the Garland mortgage is sufficient. "The number of the articles may be sufficient, if the mortgagor owns no more than the number given." *Parker* v. *Chase,* 62 Vt. 207; *Huse* v. *Estabrooks,* 67 Vt. 219; 1 Cobbey's Chattel Mortgages, §166; *Shum* v. *Claghorn,* 69 Vt. 45.

HASELTON, J. This was an action of trover for a horse. The general issue was pleaded. Trial by jury was had and verdict and judgment were for the defendant.

February 17, 1905, one Sullivan then a resident of Concord in Essex County, in this State, but recently of Woodstock, New Hampshire, executed and delivered to one Garland a chattel mortgage of certain property. Garland was a resident of New Hampshire. Among other things, the mortgage described eight horses as follows: "One black horse, seven years old, one black horse, eight years old, one bay horse, six years old, one bay horse, six years old, one bay horse, nine years old, one gray horse, seven years old, one gray horse, nine years old, one bay mare, six years old." Within thirty days from the execution of this mortgage it was recorded in the office of the town clerk of the town of Concord.

March 22, 1905, twelve days after the Garland mortgage was recorded in Concord, Sullivan made, executed and delivered to the plaintiff, Joslyn, a resident of said Concord, a mortgage of

personal property including "one bay horse, between eight and nine years old, with black points and one white foot." The horse above described was the one for the claimed conversion of which this action was brought. The plaintiff's mortgage contained no reference to a prior mortgage. In the fall of 1905, Sullivan, the mortgagor, went to work for the defendant, the Moose River Lumber Company, with eight horses in the employment of hauling logs and so worked for twenty-one days, at the end of which time Garland, the first mortgagee, with the consent of Sullivan, the mortgagor, sold and delivered the eight horses at private sale to the defendant company, claiming that they were the eight horses named in his mortgage. One of them was the bay horse, covered by the plaintiff's second mortgage. At the time of the sale, the condition of both the mortgages referred to had been broken for more than thirty days. Until after this sale the plaintiff had no actual knowledge of Garland's mortgage, and neither Garland nor the defendant had actual knowledge of the plaintiff's mortgage. As soon as the plaintiff learned that the defendant company had purchased the horse covered by his mortgage he fully informed the defendant about his mortgage and demanded of the defendant the horse in question. The defendant refused to deliver the horse and claimed to own it in consequence of its purchase of Garland, and continued to keep and use the horse as its own; whereupon the plaintiff brought this action of trover against the defendant. On trial the plaintiff claimed that the Garland mortgage was invalid, and requested the court to charge that it was invalid, as to innocent third persons and particularly that it was invalid as to the plaintiff in respect to the bay horse covered by his mortgage. The court held that the Garland mortgage was good against the plaintiff unless it had been extinguished by the giving of a certain note for the amount of the indebtedness of Sullivan to Garland. To the treatment of this latter question no exceptions were taken.

In the Garland mortgage Sullivan set himself up as of Woodstock, Grafton County, New Hampshire, although as has been said he was residing in Concord, Vermont, when he gave it. The description in that mortgage included besides the horses hereinbefore referred to, "five sets of heavy work harnesses, one open Concord wagon, one single driving harness, all robes, stable blankets, halters, neckyokes, whiffletrees, spread chains, chains,

axes, cant-dogs, all camping tools and logging outfit, three sets wagon sleds, two yarding sleds, two sleighs, one stone wagon, one two year old heifer, one two-horse lumber wagon, all subject to previous mortgages as follows: October 26, '04, vol. A, page 286; October 28, '04, vol. A, p. 287; September 21, '04, vol. A, 283.''

It appeared on trial that the previous mortgages referred to were given to the same Garland and were on record in the town clerk's office in Woodstock, New Hampshire. These mortgages were produced on trial but they do not appear to aid the description in which they are referred to. The mortgage from Sullivan to Garland, which is now in question though made after the mortgagor had come to reside in Concord, Vermont, was executed and sworn to at Woodstock, New Hampshire, where the mortgagor set himself up as residing. Three days thereafter it was recorded, strange to say, in the office of the town clerk at Woodstock, Vermont. Eight days after its execution it was recorded at Woodstock, New Hampshire, and twenty-one days after its execution it was recorded in Concord, Vermont, as before stated.

The description in the later mortgage to the plaintiff, Joslyn, was of the horse in question, and of other property, a part of which was described as being on the place in Concord where Sullivan was then living, a part in a certain barn in East St. Johnsbury, Vermont, and a part in a certain other barn in North Woodstock, New Hampshire. The validity of this mortgage. as to the horse to which this suit relates was, on trial, conceded.

Nothing is said in the Garland mortgage about the ownership or location of the horses referred to. However, it is held in this State that in aid of the description in a chattel mortgage it should be taken that the mortgagor is the owner of the property he assumes to mortgage. *Shum* v. *Claghorn,* 69 Vt. 45. In the mortgage in question nothing is said about the location of the property. One of the most important elements in the description of mortgaged chattels is a statement of their location. *Huse* v. *Estabrooks,* 67 Vt. 223. Other details, without this element of description, often amount to little or nothing, and with this element other slight details usually make the property meant to be designated easy of ascertainment. A statement of the location of the property is the one thing which the draftsman of a chattel mortgage should never omit. It has sometimes been held

that the place of the execution of the mortgage and the residences of the parties as set up in the mortgage may be taken to convey a suggestion as to its location and so to aid the description. *Baldwin* v. *Boyce,* 152 Ind. 46, 51 N. E. 334; *Barrett* v. *Fisch,* 76 Iowa 552; *Brock* v. *Barr,* 70 Iowa, 723.

*Thompson* v. *Fairbanks,* 75 Vt. 361, was a chattel mortgage case in which the claim was made that the mortgage under consideration was void for want of a sufficient description. As there the mortgagor had seasonably taken actual possession, the Court did not find occasion for much discussion of this claim, but, in reference to it, it is suggested that some inference as to the location of the mortgaged property might be drawn from the fact that both parties were set up in the mortgage as of St. Johnsbury.

In *Shum* v. *Claghorn,* 69 Vt. 45, it is held that the location of live stock is generally so easily ascertainable from the fact of ownership that a statement of the farm, or even of the town, where an animal is kept ought not to be required in addition to a statement of sex, age and color in order to make a description *prima facie* sufficient. But as appears from the whole opinion every inference that could be drawn from the whole instrument was calculated to aid the description. Certainly there was nothing there to detract from the full force of the description in respect to sex, age and color. But here the residence of the plaintiff was incorrectly set up and that circumstance, the reference to New Hampshire mortgages, and the place of execution of the instrument, took away the *prima facie* effect of the description referred to. The instrument was calculated to puzzle and mislead, and the reasonable inquiries suggested by it, in view of circumstances already detailed, would naturally result in further mystification and cannot be considered to afford the requisite basis of identification. It is contrary to the policy of our law that chattel mortgages should constitute pit-falls embarrassing the dealings in personal property of those whose conduct is governed by reasonable prudence. As this mortgage stands, an erroneous location of the property is suggested, and as has been well said: ''giving an erroneous location of the mortgaged property is more apt to mislead inquirers than failure to give any location at all, and hence renders the description ineffectual.'' Jones Chat. Mortg. §54d. [Ed. 1908]. The statement just quoted immediately follows a review of *Shum* v. *Claghorn,* 69 Vt. 45,

and a recognition of the doctrine of that case, and the limitation pointed out is one which the case itself obviously suggests.

The Garland mortgage was insufficient as to the horse in question and the defendant by its purchase acquired no title which it could assert against the plaintiff.

*Judgment reversed and cause remanded.*