FRED W. REINIG, Receiver, Appellant, v. ED JOHNSON et al., Appellees.

**CHATTEL MORTGAGES:** Record—Constructive Notice—Blanket Clause. The filing for record or recording of a chattel mortgage works *no* constructive notice to a third party of a mortgage on chattels which are sought to be embraced in the general, unlimited, blanket clause, ''*all other personal property which either of us own or may own so long as this mortgage may remain unpaid.*''

Headnote 1: 11 C. J. pp. 457, 541.

*Appeal from Clarke District Court.*—H. H. CARTER, Judge.

FEBRUARY 8, 1927.

Action to foreclose a chattel mortgage. The court denied the relief sought by the plaintiff in part, and plaintiff appeals. —*Affirmed.*

*O. M. Slaymaker* and *R. E. Killmar,* for appellant.

*L. E. Crist* and *E. K. Jones,* for appellees.

FAVILLE, J.—The Woodburn Banking Company is the trade name under which a private bank was operated in Clarke County, Iowa. Appellant, Reinig, is receiver of said bank. On the 19th day of March, 1924, appellees Ed Johnson and Lilla Johnson executed and delivered to the cashier of said bank their promissory note in the sum of $2,000, and as security therefor executed and delivered to said cashier a certain chattel mortgage. Said mortgage was filed in the office of the recorder of Clarke County, Iowa, on the 26th day of April, 1924. After the receiver was appointed for said bank, a portion of the property described in said mortgage was sold, and the proceeds thereof applied upon said note. No issue is made in this appeal with regard to said property. This contest involves certain property purchased by the appellee Cline from the mortgagor Johnson in March, 1925. Appellee Davis purchased some of the corn from Cline, and paid the amount due from him into court. Johnson and wife received their discharge in bankruptcy. The real question for our determination is whether or not the mortgage in controversy covers the property which was purchased by Cline. The mortgage describes the property as follows:

"Six red cows of various ages, one roan cow three years old, called 'Roan' seven red yearling heifers, one white yearling heifer, two red heifer calves one roan heifer calf, four red steer calves, one roan steer calf, together with all increase of same so long as the debt secured hereby remains unpaid, also one pair bay mares five and six years old named Nelly and Lady 1 gray five year old horse named 'Pete' 1 gray mare ten years old named Topsy one roan mare 12 years old named 'Queen', 1 sorrel mare 9 years old named 'Beauty,' one team of sorrel roan mares coming two years old, eight brood sows, eighteen shoats, two Schreiber lumber wagons, one Deere corn planter, one disc cultivator, one Satley cultivator one McCormick mower one McCormick binder, one disc harrow three sets of work harness. The above described property belongs to me, is now in my possession in east half of the northwest quarter of Section ten (10) in Jackson Township, Clarke County, Iowa, and is clear of all

incumbrances, and this mortgage is to also cover all other personal property which either of us own or may own so long as this mortgage may remain unpaid in any part * * * to have and to hold the same forever; and the said party of the first part, will forever warrant and defend the same against all persons whomsoever.''

The property in controversy here is none of the property specifically described in the chattel mortgage. The appellant, if entitled to recover at all, must recover under and by virtue of the clause of said mortgage which provides:

''And this mortgage is also to cover all other personal property which either of us own or may own so long as this mortgage may remain unpaid in any part.''

It is to be noted that the property specifically described in the mortgage consists of three classes,—cattle, horses, and certain farm machinery. The mortgage does not provide for additions or increase to the property specifically described, and in any event, the property purchased by Cline was not an addition or increase to the specifically described property. It was chiefly corn and hay. So we are directly brought to a consideration of the following clause in the mortgage:

''This mortgage is to also cover all other personal property which either of us own or may own so long as this mortgage may remain unpaid in any part.''

There is a later provision in the mortgage that, in case of default, ''or in case of my attempting to dispose of or remove from said county of Clarke the aforesaid chattels or any part thereof,'' possession may be taken of said property. It is also provided that, if sale of the property is had, ''it is to take place at Woodburn in the county of Clarke and state of Iowa.''

It is argued that the description in the mortgage is insufficient in any event to cover any of the property in question. We do not deem it essential to determine the question. This controversy does not arise between the parties to the instrument, and the controlling question in the case is whether or not the filing of the said mortgage is sufficient to impart constructive notice to third parties of a lien on the property involved. At the outset, it is apparent that the clause of the mortgage above quoted in no way limits or describes the location of the property that it is claimed is covered thereby. The specifically described property

is definitely stated in the mortgage to belong to the mortgagor, "and is now in my possession in the east half of the northwest quarter of Section 10 in Jackson Township, Clarke County, Iowa." There is no provision whatever with regard to the portion of the mortgage that covers "all other personal property which either of us own or may own, so long as this mortgage may remain unpaid in any part." There is no suggestion whatever as to where such property, either owned at the time or which the mortgagors "may own," is located, or may be located in the future. There is a provision in the mortgage that any attempt "to dispose of or remove from said county of Clarke the aforesaid goods and chattels or any part thereof" may warrant foreclosure, but the mortgage does not make this any part of the description of the property in controversy, or refer to its location. The description is a general blanket description of all "other personal property" which the mortgagor owns or may own so long as the mortgage debt exists. Its location is as wide as the world. Reliance for reversal is placed upon our holding in the case of *Lowden Sav. Bank v. Zeller*, 196 Iowa 1205. In that case, in so far as the question now under consideration was involved, we had a case where the mortgage described the property by specific description of certain property, and then provided:

"It being understood that this mortgage shall also include the increase and all additions that may hereafter be made to the above described; also any other chattels of every nature and kind that I may own and possess on the above described premises or elsewhere in Massillon Township, Cedar County, Iowa, or Cedar County, Iowa, during the time that this mortgage is in force."

The mortgage specifically described 110 Hampshire pigs about three months old. These pigs were sold, and replaced by other pigs of a different breed. The question at issue was whether or not the mortgage covered the subsequently acquired pigs, and whether the filing of the mortgage constituted constructive notice of a mortgage lien upon said subsequently acquired property. It appeared without dispute that all of the property involved in the mortgage was kept upon the farm occupied by the mortgagor, and was on said farm, and was actually there some months prior to the execution of the second mortgage

under which a priority was claimed. We held that the mortgage, under the circumstances proven, covered the after-acquired property. We did .not specifically pass upon the question as to whether or not the filing of said mortgage constituted constructive notice to third parties, but it may be conceded that such is the effect of our holding in the *Lowden Sav. Bank* case. In the instant case, however, the property in question could under no possible circumstances be regarded as included in the description of an "increase or an addition to" the property specifically described in the mortgage. No corn or hay was referred to in such specifically described property, and the property in question was of an entirely separate and distinct character. Not so in the *Lowden Sav. Bank* case. It is also to be noticed that in the *Lowden Sav. Bank* case the property was described as being "on the above-described premises or elsewhere in Massillon Township, Cedar County, Iowa, or Cedar County, Iowa." The property involved in said action was in fact on the specifically described premises, so that in words suggested by the instrument itself it would have disclosed to a third party the identity of the property and its specific location. Not so in the case at bar. It is true that the corn in controversy was in fact located upon the premises occupied by the mortgagor, but there was nothing in the clause of the mortgage covering "all other personal property" that described said "other personal property" as being located upon said farm or "to be kept on said farm," or even that said property was located or was to be located in Clarke County. There was no limitation or designation of location whatsoever. Broad and liberal as have been our holdings sustaining descriptions in chattel mortgages, we have never held that a chattel mortgage with a description of the kind in question, of "all other personal property which I own or may own," without in any manner defining the kind or character of said property or its present or future location or where it is to be kept or found, is sufficient to impart constructive notice to a third party. We are not so disposed to hold in the instant case, and the *Lowden Sav. Bank* case, relied upon by the appellants, makes no such pronouncement. In *Farmers' & Merch. Bank v. Stockdale*, 121 Iowa 748, we said:

"It is not a sufficient location of property to say that it is in a county named."

The court did not err in holding that the description in the mortgage was insufficient to constitute constructive notice to appellee that it covered the property in question. The decree of the district court was correct, and it must be, and is,—*Affirmed*.

EVANS, C. J., and STEVENS and VERMILION, JJ., concur.