## No. 10,969

### Orleans

## LE CORGNE v. GARNER

(October 17, 1927. Opinion and Decree.)

### (*Syllabus by the Court*)

1. **Louisiana Digest—Chattel Mortgages— Par. 3.**

 A chattel mortgage which describes the property to be hypothecated as "all furniture and effects located in the O.K. Storage and Transfer Co. at 1901 St. Charles Ave.", is fatally defective because lacking in proper description of property intended to be mortgaged and the recordation of such description in the Mortgage Office will not serve as notice to third persons, as required by the Chattel Mortgage Act, 198 of 1918.

2. **Louisiana Digest—Chattel . Mortgages— Par. 3.**

 The fact that an inventory was attached to the act containing a more detailed description, and reference made to such inventory in the act itself, though not in the recordation of the act in the Mortgage Office, will not save the situation. A description sufficient to identify the property should appear in the mortgage itself.

Appeal from First ·City Court, Section "C". Hon. W. V. Seeber, Judge.

Action by Earl Le Corgne against Dan A. Garner, Jr.

There was judgment for defendant and plaintiff appealed.

Judgment amended and affirmed.

Charles J. Rivet, of New Orleans, attorney for plaintiff, appellant.

Geo. J. Untereiner, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Dan A. Garner, defendant herein, bought a Ford automobile and rented a home (2802 Palmer Ave.) To secure the vendor of the Ford he executed a chattel mortgage on the Ford and included his household furniture. He failed to pay for the Ford and neglected to pay his rent. The landlord (plaintiff herein) provisionally seized defendant's household effects and the assignee of the Ford vendor intervened, claiming a superior privilege upon the furniture, because of the chattel mortgage. Defendant, attacked upon both sides, surrendered and we have only to consider the conflicting claims of the landlord and mortgagee. The issue narrows itself further to the question of whether the chattel mortgage was recorded, as required by law, to affect third persons. The only reference to the household furniture contained in the act of mortgage is the following:

"All furniture and effects located in the O.K. Storage and Transfer Co. at 1901 St. Charles Ave., an inventory of which is attached hereto and made part hereof."

The inscription in the Mortgage Office reads as follows:

Book 1316, p. 596:
"Per Act before Wm. A. Wenck N P dated December 2nd 1925 Mr & Mrs Dan A Gardner Jr Mortgages unto Jos Delery One Ford Roadster Motor No. 9789054 4 Cy 22 H P and all furniture and effects located in the O K Storage & Transfer Co. at 1901 St. Charles Ave. to secure the sum of $457.60 purchaser executed one of said amount, dated even date payable at the automobile security corp nola, in 6 installments each for the sum of $76.25 until paid.
"Interest 8% per annum from maturity until paid. Attys fees. 25% Insurance to full of note.

"NEW ORLEANS, LA DECEMBER 9th 1925 12:20.
          "Marcus Tully . . . CK."

The law (Act 198 of 1918, Sec. 2, p. 373) requires that every chattel mortgage "shall be in writing, setting out a full description of said property to be mortgaged, so that same may be identified, * * *. In order to affect third persons without notice, said instrument must be passed by notarial act and the original or a certified copy thereof shall be recorded in the office of the Recorder of Mortgages in the parish where the property shall then be situated, and also in the parish in which the mortgagor is a resident."

Section 4, which grants and ranks the lien of the chattel mortgages, provides:

"* * * every mortgage shall be a lien on the property mortgaged from the time same is filed for recordation, which filing shall be notice to all parties of the existence of such mortgage, and said lien shall be superior in rank to any privilege or lien arising subsequently thereto."

The recorded description of the mortgaged property, as we have seen, was "all furniture and effects located in the O.K. Storage and Transfer Co. at 1901 St. Charles Ave."

Can this be considered as a "full description" of the property mortgaged "so that the same may be identified" as required by the law?

Our answer is in the negative. It is no description at all. Only the beginning of description. When the property was seized it was not in storage at all and consequently the reference to it as all furniture, etc., located in the O.K. Storage & Transfer Co. at 1901 St. Charles Ave. was not only deficient in description but misleading and inaccurate.

In Durel vs. Buchanan, 147 La. 804, 86 So. 189, it was held that a description of the mortgaged property as "all the contents, furniture, effects and articles of every kind, situated in the premises No. 843 St. Charles street, with the exception

of such articles as the vendor desires to retain", was not sufficient description, because "there is nothing in this description by which any part of the property may be identified, and the uncertainty is made more uncertain still by the exception".

In Bank vs. Succ. of McCann, 151 La. 555, 92 So. 55, the court held "as to the alleged description 'all of the property which the mortgagor owns and now located upon the two leases' that is entirely insufficient to comply with the statute".

Counsel says that the recorded description should have included the inventory, which was attached to the mortgage when presented to the Recorder of Mortgages, and that, for this omission, he can not be made responsible because the fault, if fault it be, was chargeable to the recorder.

It is sufficient in this connection to say that the description should have been in the act of mortgage itself and not attached thereto in the form of an inventory.

"It is clear that the full description, sufficient to identify the property and serve as notice to all parties, should appear in the written instrument itself, so that when recorded it will serve the purpose intended by the statute."

Bank vs. Succ. of McCann (supra), 147 La. 555, 92 So. 55.

For the reasons assigned, the judgment appealed from is amended so as to deny to the Automobile Securities Corporation, intervenors, any right, title or interest in the property provisionally seized by plaintiff and dismissing its intervention at its cost.

In all other respects the judgment appealed from is affirmed.