## PITTSBURGH PLATE GLASS CO. v. LEPOW

(March 4, 1929. Opinion and Decree.)

Deutsch and Kerrigan, of New Orleans, attorneys for plaintiff, appellant.

H. W. Kaiser, of New Orleans, attorney for defendant, appellee.

JONES, J. On July 16, 1928, plaintiff obtained a default judgment against defendant, and on August 1st, seized certain furniture in the premises 2204 Jefferson Avenue, belonging to him.

On August 11th, Peter Stankoffich intervened and claimed that a chattel mortgage on this furniture in his favor had been executed by Charles Lepow before V. J. Thiberville, Notary Public, November 23, 1927, recorded in Mortgage Office Book 1379, folio, 101, to secure a note for $3,000.00. By agreement the property was sold under the writ, and on January 10, 1929, there was judgment in favor of intervener, recognizing his prior privilege on the proceeds of the sale. From this judgment plaintiff has appealed.

Plaintiff argues chattel mortgage is invalid because there "are no special marks of identification to identify the property" and that "there is no statement relative to the location of the property."

The property mortgaged herein is a lot of furniture which is described as: "4 pc. wicker porch suite; 2 tapestry chairs; 6-tube radio and table; 4 pc. overstuffed living room suite; 2 carpets; 1 walnut dining room suite," but no location is given. As pieces of furniture do not bear distinct marks or numbers, it would be difficult to make them readily recognizable by description alone, but definite location seems, for this reason, all the more necessary.

Section 2 of Act 198 of 1918, the controlling law in this case reads in part as follows:

"Be it further enacted, etc., That every such mortgage of property mentioned in Sec. 1 shall be in writing, setting out a *full description* of said property to be mortgaged, *so that same may be identified*."

Section 5 requires that the mortgagor shall not remove the property mortgaged from the parish where said mortgage is given, without a written consent of the mortgagee, designating the parish to which it will be taken.

Section 6 of the same act requires that the Recorder of Mortgages shall keep a chattel mortgage book and that under the heading of Property Mortgaged he shall enter a description of the property *and the particular place where it is located.*

The above quotations show that the property must be so described as to be identifiable and the fact that location is required to be given by the Recorder tends to show that it must be in the mortgage, otherwise that officer cannot possibly comply with the law.

The question is apparently new in Louisiana and a thorough search of the decisions of all the appellate courts reveals no case immediately in point. We, therefore, quote some decisions from common law courts sustaining principles laid down by textbook writers, which seem to us to be based on sound reasoning and to be consistent with the principle and purpose of this act.

"A statement as to the location of the chattels mortgaged is one of the most important elements in the description. Other details without this element often amount to little or nothing, whereas its presence with other slight details often makes easy the ascertainment of the property meant to be designated * * * A description is, of course, insufficient where there is no location indicated and nothing else to identify the property * * * There should be a designation of the property conveyed, and of the place where it may be found." 5 R. C. L. 424.

"When neither the location, the ownership, nor the possession of the property is stated in the mortgage, it is ordinarily fatal to the description. And in all cases the location of the property mortgaged must be stated, where the property cannot otherwise be sufficiently identified, or it is not otherwise sufficiently described." 11 C. J. 465.

"The situs of the property covered by chattel mortgage is usually regarded as an important fact in its identification which must be accomplished by the description, to validate the mortgage against creditors and others who may acquire adverse rights." In re Peterson (D. C.), 252 Fed. 849.

"Description as regarding portion of mortgage covering personal property without limiting location held insufficient to constitute constructive notice to third person." Reinig vs. Johnson, 212 N. W. 59, 202 Iowa 1366.

"Description of property only inferentially locating property in certain county is too indefinite to impart constructive notice." First National Bk. vs. Maxwell, 198 Iowa 813, 200 N. W. 401.

"A most important element in the description of (chattel) mortgaged property is a statement of its location, which should never be omitted." Joslyn vs. Moose River Lumber Co., 83 Vt. 49, 74 A. 385, 138 Am. St. Rep. 1067, 21 Ann. Cas. 1024.

"There is nothing in the bill of sale that would suggest to any person where he could secure information by which he could find and identify the property. If it had gone farther and had given the location of the property it would have been sufficient; * * * but with no suggestion at all as to how the property may be found, the description is wholly insufficient."

Cummins vs. King, 217 Mo. App. 371, 266 S. W. 748.

In the following four decisions our appellate courts have interpreted the chattel mortgage act as requiring a description definite enough to identify the property, and the general course of reasoning therein seems to sustain our conclusion that location should be given in the act of mortgage.

Continental Bank & Tr. Co. vs. Succ. of McCann, 151 La. 555, 92 So. 55.

Durel vs. Buchanan, 147 La. 804, 86 So. 189.

LeCorgne vs. Garner, 7 La. App. 148.

In re Peterson, (D. C.) 252 Fed. 849.

The evidence shows that Lepow owns several pieces of property in this city and that he had recorded in Conveyance Office lease of two buildings, which he said were vacant, at the time of the lease, but there is absolutely nothing in the mortgage to show location of mortgaged furniture, and nothing to differentiate it from thousands of other articles of the same kind. If the act stated that this was the only furniture then owned by the mortgagor, or if there was any other clue or suggestion which might lead to the identification of the property, the chattel mortgage might be good without location, but it seems to us, as only fair and reasonable that one who wishes to give another preferential rights on certain movables and thereby exempt them from liability to his other creditors ought to state where the movables are then located, or where they have been bought or give some identification.

Interveners argue that appellant has no right to question the validity of a mortgage and quote from Ruling Case Law, page 464: "Only a creditor with a lien on the property can question the validity of a mortgage and a general creditor has no

right to do so." Here plaintiff had a lien as seizing creditor under C. P., Art. 722, and further Article 1968 of the Civil Code provides that the property of a debtor is a common pledge of all his creditors.

For above reasons the judgment is reversed and it is now ordered that petition of intervener be dismissed. Intervener to pay all costs in both courts.