BURGLASS v. MANFRE et al.*
No. 16335.

Court of Appeal of Louisiana. Orleans.
June 1, 1936.

Normann & McMahon and Harold M. Rouchell, of New Orleans, for appellant.

Solomon S. Goldman, of New Orleans, for appellee.

JANVIER, Judge.

On August 17, 1931, Paul J. Manfre purchased from the plaintiff, Abraham Burglass, a number of pieces of household furniture for $445.38, of which he paid a portion in cash. To secure the payment of the balance, he executed a chattel mortgage. In the act of mortgage, the property was described as follows:

"1 #528 Red Mohair L. R. Suite
"1 #136A 837 Dav. Table
"1 10 pc. #60 D. R. Suite, Comb. Wal.
"1 G. 1661 R As Is I. & G. Stove
"1 #16 Buff and Green Cabinet
"1 #25 Buff and Green 5 pc. Bk. set
"1 #1611 Buff and Gr. Refrigerator
"1 #774 — 9x12 Kat. Velvet rug
"1 #792 — 9x12 Kat. Velvet rug
"1 #1084 — 9x10-6 Certainteed rug
"1 #170 — 9x12 Rotarus rug

"All wood items stencilled 'A. Burglass No. 1400 Canal Street.'"

On September 30, 1935, Burglass, alleging that a balance of $321.36 was due and remitting all sums in excess of $199, brought suit against Manfre and the O. K. Storage & Transfer Company, Inc., asserting the validity of his vendor's lien and chattel mortgage and declaring that the mortgaged property was in possession of the O. K. Storage & Transfer Company, Inc., which refused to recognize plaintiff's lien and privilege. He prayed for judgment against the defendant Manfre in the sum of $199 with legal interest and for recognition of his vendor's lien and chattel mortgage and for judgment against O. K. Storage & Transfer Company, Inc., decreeing the superiority of his vendor's lien and chattel mortgage over any lien held by the storage company.

Manfre filed no answer and judgment was rendered against him by default.

The O. K. Storage & Transfer Company, Inc., answered that the furniture had been stored with it by the defendant Manfre on or about December 5, 1932, and that there was due it for cartage, labor, insurance, storage, etc., the sum of $254, for which amount it had a warehouseman's lien, privilege, and pledge. It averred that its lien was not affected by the alleged chattel mortgage of the plaintiff for a number of reasons, most of which have since been abandoned, reliance being now placed upon the contention that the description of the mortgaged property was insufficient to identify it, and the location given as 536 S. Hennessey street was incorrect, the mortgaged property never having been at that address. Defendant also averred that, at the time the property was delivered to it for storage, it had no actual knowledge of the existence of the chattel mortgage,

and that it learned that fact for the first time only on July 23, 1934.

There was judgment below in plaintiff's favor as prayed for and defendant O. K. Storage & Transfer Company, Inc., has appealed.

Section 2 of Act No. 198 of 1918 (chattel mortgage act) requires that the mortgage "shall be in writing, setting out a full description of said property to be mortgaged, so that same may be identified."

Section 6 requires the recorder of mortgages to keep a chattel mortgage book in which he shall enter a description of the property "and the particular place where located."

With the exception of one item described as "#136A 837 Dav. Table," all of the figures given in the description of the furniture in the act of mortgage are factory numbers which are borne by all similar articles produced by the same manufacturer, for example, the rug described as "774 — 9x12 Kat. Velvet Rug" means that it is one of a number of velvet rugs, one of a thousand perhaps, sold by the manufacturer. Such description, it is contended, is not sufficient to identify the property mortgaged.

It is conceded that the location of the mortgaged property given in the act of mortgage as 536 South Hennessey street was erroneous, and that the correct address of the mortgagor at the time of the execution of the mortgage was 538 South Hennessey street. Plaintiff contends, however, that the error is of no consequence because 536 and 538 South Hennessey street are the numbers borne by the respective sides of a double house, which rests upon one foundation and is covered by one roof.

The description of the property is said to be sufficient because there is no indication that the property could have been better described in any other way. A perfect description, it is claimed, is not necessary to the validity of the mortgage. An analogy is drawn between chattel mortgages and slave mortgages, once widely prevalent in this state, and attention is directed to the codal article (3274) which required that "if it be slaves who are mortgaged, their names, sex, and, as nearly as may be, their age and nation must be mentioned in the act of mortgage, that their persons may be more easily identified."

In Succession of Montgomery, 2 La.Ann. 469, 471, a slave mortgage was upheld in which only the names and sex of the negroes were mentioned. In that case the court said:

"We know that in the practice of notaries and parish judges, it has been very common to omit the full and complete description in sales and mortgages of slaves, which the appellants say is required on pain of nullity. This long practice and contemporaneous professional interpretation being not manifestly erroneous, is entitled to great weight. Immense amounts of slave property have been sold and mortgaged under descriptions of the same character as that now in question, and we should do great injustice, were we, in the interpretation of an ambiguous clause, to reject the popular acceptation."

But, whatever may have been the custom with reference to slave mortgages and its effect upon the interpretation of the codal provision we have referred to, we doubt its application to the chattel mortgage, which was unknown to our law until 1912. (Act No. 65).

A most important detail in the description of mortgaged property is its location, and, where the description given is so meager as to serve no useful purpose, or where the description given is erroneous, and, in addition, the location of the property is shown to have been incorrectly set forth, it follows that the mortgage is invalid at least so far as third persons are concerned. Pittsburgh Plate Glass Company v. Lepow, 10 La.App. 38, 120 So. 795, and Hodge v. Collens & Chapman (La. App.) 154 So. 357.

In Crescent Realty Corporation v. Mc-Flynn (La.App.) 159 So. 461, the description of the property was insufficient and the location was incorrectly given as 1718 St. Charles avenue whereas it should have been 1719 St. Charles avenue. We held that the mortgage was invalid. See, also, New Way Family Laundry v. Lebo, 16 La. App. 157, 133 So. 463, Roberts v. Atkins, 19 La.App. 634, 141 So. 427, Continental Bank & Trust Co y. Succession of McCann, 151 La. 555, 92 So. 55.

It has also been held that a description of the mortgaged property as "all of the contents, furniture, effects and articles of every kind situated in the premises No. 843 St. Charles street, with the exception of such articles as the said vendor desired to retain" is insufficient. Durel v. Buchanan, 147 La. 804, 86 So. 189.

A description of the property as "all furniture and effects located in the O. K. Storage & Transfer Company at 1910 St. Charles Avenue, an inventory of which is attached" was held inadequate. Le Corgne v. Garner, 7 La.App. 148. Likewise, a description in a mortgage as "1 Roadster No. 1455832" because the name of the manufacturer, or trade-name, was omitted and because it was not shown that the number given was the motor number. Valley Securities Co. v. Stafford, 8 La.App. 607.

Under the common law, from which system we borrow the chattel mortgage, "a description which will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient." The following is found in Jones on Chattel Mortgages and Conditional Sales, § 60, p. 258:

"Parol evidence is admissible to identify the chattel mortgaged. Such evidence may aid but not make a description. The mortgage must of itself suggest inquiry which will result in identification. It is not possible to describe personal property so well as to preclude the necessity of such evidence to identify it."

So far as we can ascertain, this rule has never been adopted in Louisiana, but even under the common law the location of mortgaged property is of great importance.

"A statement as to the location of the chattels mortgaged is one of the most important elements in the description. Other details without this element often amount to little or nothing, whereas its presence with other slight details often makes easy the ascertainment of the property meant to be designated * * *. A description is, of course, insufficient where there is no location indicated and nothing else to identify the property. * * * There should be a designation of the property conveyed, and of the place where it may be found." 5 Ruling Case Law p. 424.

"When neither the location, the ownership, nor the possession of the property is stated in the mortgage, it is ordinarily fatal to the description. And in all cases the location of the property mortgaged must be stated, where the property cannot otherwise be sufficiently identified, or it is not otherwise sufficiently described." 11 Corpus Juris p. 465.

"Description as regarding portion of mortgage covering personal property without limiting location held insufficient to constitute constructive notice to third person." Reinig v. Johnson, 202 Iowa, 1366, 212 N. W. 59.

"A most important element in the description of [chattel] mortgaged property is a statement of its location, which should never be omitted." Joslyn v. Moose River Lumber Co., 83 Vt. 49, 74 A. 385, 138 Am. St.Rep. 1067, 21 Ann.Cas. 1024.

The erroneous location of the mortgaged property is equivalent to no location at all and the fact that the property is described as being next door to the place where it actually was may be considered as more misleading than if the location of the property had not been given at all. As a matter of fact, the record shows that 536 South Hennessey street was occupied by another family at the time the furniture was mortgaged by Manfre.

There is no merit in the argument that because the same roof covers and the same foundation supports both premises the use of either number would be sufficient.

Our conclusion, therefore, is that the description of the mortgaged property was insufficient and that the failure to give its correct location was, therefore, fatal to the validity of the chattel mortgage in so far as third persons adversely affected are concerned.

For the reasons assigned, it is ordered that the judgment appealed from be and it is reversed in so far as it recognizes the priority of the lien of the chattel mortgage, and it is now ordered, adjudged, and decreed that there be judgment in favor of O. K. Storage & Transfer Company, Inc., and against Abraham Burglass recognizing the priority of the lien of O. K. Storage & Warehouse Company, Inc.

In all other respects, the judgment appealed from is affirmed.

Reversed in part; affirmed in part.

WESTERFIELD, Judge (concurring).

I believe that the proper location of the property in the act of mortgage is essential to its validity.

I respectfully concur.