## No. 8832.

## ALEX KUHN & CO. VS. EMBRY & PILCHER.

The *affidavit* taken in the alternative language of the law by a creditor claiming a privilege to obtain a sequestration, is good and sufficient. It is not always possible for a creditor to swear positively as to his debtor's positive intentions, which may be changed at any moment, as his interest may suggest, for the accomplishment of his purposes.

Where the apprehensions or fears sworn to are shown to have been verified, the issuing and executing of the writ being lawful, can cause no injury. The defendant in writ is then without foundation to claim damages.

Under the present Constitution, Art. 117, registry to preserve a privilege on movable property is unnecessary in the absence of legislation requiring it.

Exceptions filed in the lower court, but not passed upon, are deemed abandoned and will not be considered on appeal.

A judgment rendered *in solido* against the members of a planting partnership is erroneous. They are liable jointly only.

APPEAL from the Eighth District Court, Parish of East Carroll. *Delony, J.*

*E. D. Farrar* for Plaintiffs and Appellees.

*Chas. M. Pilcher* for Defendants and Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiffs sue on a note of defendants given in settlement of part of the price of sale of fifteen mules. On claiming vendor's privilege and making the oath that they fear and believe that the defendants will conceal, part with, or dispose of the mules during the pendency of the suit, they obtained a sequestration of the mules and prayed for judgment for the amount of the note with vendor's privilege.

The defendants endeavored to have the seizure reduced, opposed the sequestration, alleging the untruth and insufficiency of the affidavit.

They subsequently answered and admitted their signature to the note. They charged unsoundness of the mules, the wrongful issue and execution of the sequestration, alleged damage to their reputation to the extent of $2,000, and claimed attorney's fees for $100.

The plaintiffs have offered satisfactory evidence to show that their

Kuhn & Co. vs. Embry & Pilcher.

fears were well grounded. They established the sale of the identical mules by the defendants to third parties. The plaintiffs were authorized to take the oath they did, in the very words of the law. A creditor, in such circumstances, is not always able to swear positively to facts, unless they have actually occurred to his knowledge. Where he has occasion to apprehend harm and injury from his debtor, it is legitimate for him to swear in the alternative, for it is impossible for him to make oath as to what his debtor positively intends to do. 9 An. 119; 15 An. 462; 8 An. 366, 374, 381; 1 An. 230. Such intention may at any moment be changed and carried out in a different way, as interest may suggest.

The evidence clearly establishes that the note has for its consideration the mules sequestered and that it is secured by privilege. The registry made was unnecessary under the present Constitution, in the absence of any legislation requiring it. Art. 177.

The fact that the defendants sold the mules cannot be controverted. It is no doubt true that by the sale they did not intend to defraud the plaintiffs, but the fact of the sale of the mules, the existence of the privilege and the justified apprehensions, authorized the sequestration, which, having lawfully issued, could cause no damage.

There is no evidence of the unsoundness of the mules.

The case was tried by a jury, who rendered a verdict for the plaintiffs, which was carried out by a judgment under the prayer of the petition.

We see no error in the proceedings below and do not feel authorized to grant damages for a frivolous appeal.

Judgment affirmed with costs.

---

### ON REHEARING.

The defendants complain that exceptions filed by them were not passed upon by this Court, and that, as they are planting partners, the judgment was erroneously rendered against them *in solido*.

The exceptions were not considered because they were not passed upon by the lower court. By not insisting upon action on them, and going to trial on the merits, the defendants are deemed as having abandoned them.

The error in the judgment had not been specially called to our attention, but it is so glaring, that the defendants are entitled to the relief sought.

It is, therefore, ordered and decreed that our previous decree be amended, so as to strike from the judgment appealed from the words *in solido*, and substitute thereto the word "jointly," and appellees to pay costs of appeal; and that so amended it remain undisturbed.