No. 3227

Second Circuit

---

VALLEY SECURITIES COMPANY, INC.,
v. STAFFORD
PLAUCHE-LOCKE SECURITIES, INC.,
Intervenor

---

(June 28, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Chattel Mortgages— Par. 1, 3; Evidence—Par. 224.**

Under the Chattel Mortgage Act 198 of 1918 the description "1 Roadster No. 14525832" is not sufficient to mortgage one Ford Roadster motor No. 14525832 as affecting third parties, and parol evidence is not admissible to supply the deficiency.

Appeal from the Ninth Judicial District Court, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by Valley Securities Company, Inc., against Mrs. D. M. Stafford. Plauche-Locke Securities, Inc., intervenor.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Hawthorn and Stafford; J. L. Pitts, Jr., of Alexandria, attorney for plaintiff, appellee.

Lamar Polk, of Alexandria, attorney for intervenor, appellant.

WEBB, J. The Valley Securities Company, Inc., holding a note drawn by Mrs. D. M. Stafford, on March 12, 1927, payable to bearer, secured by chattel mortgage on an automobile, proceeded to foreclose, via executiva, and the sheriff seized the automobile described in the act of mortgage and was advertising the same for sale when Plauche-Locke Securities, Inc., holding a note payable to its own order, drawn by Stromer Motors on January 29, 1927, filed an opposition, claiming that the note held by it was secured by mortgage on the property seized of superior rank to that of plaintiff, to which plaintiff filed an exception of no cause of action, which was sustained and judgment rendered dismissing the opposition, from which opponent appeals.

The automobile seized by the sheriff was a "Ford Roadster, motor No. 14,525,-832," which was the specific description of the property mortgaged by Mrs. Stafford to secure the note held by plaintiff, while the specific description of the property mortgaged by Stromer Motors to secure the note held by opponent was "1 Roadster No. 14525832;" and while it is admitted that the particular description was not sufficient, it is contended that the act of mortgage suggested inquiries which would have shown that the mortgagor was a dealer in Ford automobiles, which being read into the particular description, would show that the property mortgaged was a Ford automobile bearing the motor number stated.

Opponent cites the general rule prevailing in other jurisdictions that it is not necessary that the movable mortgaged should be described in such manner as that it may be absolutely identified from the description by third persons, and that as to such persons the description will be sufficient when the property may be identified by the particular description together with information obtained from sources of inquiry suggested by the act of mortgage (Chattel Mortgage, R. C. L. vo. 5, p. 9, 429, No. 63), and the decision in Commercial Bank of Arcadia vs. Simmons, 2 La. App. 658, in which the rule was referred to with approval.

The act of mortgage in the present instance declares that the property is situated in the parish of Rapides, but it does not mention the business of the mortgagor, and there is not any declaration which relates to the description of the property, other than the particular description, and it may in this respect be distinguished from the act of mortgage considered in the case cited; but conceding that it suggested sources of inquiry which, if followed, would have given information which, together with the particular description, would have identified the property mortgaged, the identification, insofar as the description is concerned, would have resulted from reading into the description the word "Ford" before the word "Roadster," assuming that the court may take judicial notice that the latter word shows that the property mortgaged was an automobile, and the word "motor" before the symbol "#" which would in fact be to vary and charge the written instrument and write into it words showing the intention of the parties, and to thus hold third persons to have had constructive notice of the unexpressed intention of the parties.

The statute requires that the mortgage must be in writing and must contain a

full description of the property, so that it may be identified, and that in order for the recordation to serve as constructive notice the act shall be passed before a notary public, which shows that the act of mortgage must be in all respects complete and contain such a description of the property as to enable it to be identified without resort to parol testimony, and while it may be the act of mortgage may contain declarations of facts which, read together with the particular description, would identify the property where the particular description was insufficient, we are of the opinion that such facts would have to be stated in the act, or that the declarations would have to be such as clearly indicate the existence of such facts, otherwise parol would not be admissible to show such facts in order to complete the instrument and render its recordation notice to third persons.

There is, of course, a great distinction between the effect of a mortgage on movable and immovable property as against third persons, as indicated by the chattel mortgage law (Act No. 198 of 1918), and a description of property under the latter may be sufficient as between the parties and insufficient as to third persons without knowledge, who must be held as having constructive notice, and the act of mortgage cannot be varied or changed by parol so that its recordation may convey such notice.

In the present case, conceding that the mortgagor was a dealer in Ford automobiles and that the mortgage had so declared, and that there should be written into the description the word "Ford," still there would also have to be written into the instrument the word "motor" in order to determine with certainty which of the many automobiles handled by the mortgagor was intended, and we are of the opinion that there is thus an apparent or patent ambiguity on the face of the instrument, or deficiency in the description of the property, and that parol would not be admissible to supply the deficiency as against third persons.

The judgment appealed from is therefore affirmed.