No. 510

First Circuit

CONSOLIDATED COMPANIES, INC., v. LAWS

(McCRAY REFRIGERATOR SALES CO., Intervener)

(December 3, 1929. Opinion and Decree.)

Borron & Hebert, of Plaquemine, attorneys for plaintiff, appellee.

Joseph Nicolosi, of Plaquemine, attorney for intervener, appellant.

LECHE, J. Plaintiff obtained an attachment and thereafter a judgment in rem against defendant's property for $275. The attached property was ordered to be sold to satisfy plaintiff's judgment, and pending advertisement of the sale, intervener appeared in the proceeding, claiming part of the purchase price of a refrigerator which was included in the seizure. Intervener alleged that there was a balance due to it, for the purchase price of the refrigerator, prayed that its vendor's lien and privilege upon said refrigerator be recognized, that said refrigerator be appraised and sold separately and apart from the other property of defendant under seizure, and that it be paid by preference and

priority out of the proceeds of sale of said refrigerator, over all other creditors, especially over the plaintiff herein, the amount of its claim with interest, attorney's fees and costs.

Plaintiff filed an exception of no cause of action to intervener's demand. That exception was sustained and intervener has appealed.

The grounds upon which the exception is based are that it appears on the face of intervener's petition that the sale was made and completed in Indiana, where the common law prevails and where the vendor's lien and privilege does not exist, and that the alleged chattel mortgage is not declared upon and is not prayed to be recognized, that the property described therein cannot be identified, that the property therein sought to be mortgaged was not owned by the mortgagor at the time the mortgage was given and that the act evidencing the mortgage is not an authentic act.

The prayer of intervener's petition is substantially as above described in this opinion.

Annexed to intervener's petition is a document partly printed and partly written. It is styled, "Sale and Chattel Mortgage." It appears from this document that the defendant ordered from intervener, a refrigerator which was to be shipped from Kendallville, Indiana, to intervener at Plaquemine, Louisiana, F. O. B. factory, at once. Then follows an act of sale of one McCray refrigerator No. 75 for the price of $260, $25 of which is acknowledged to have been paid with the order, and $40 thereof is to be paid on arrival of the refrigerator, and the balance of $195 is to be paid in monthly installments. The whole document, including the order, sale and mortgage, was signed at one time.

It is evident from this annexed document, made part and portion of the petition, that at the time it was signed, the price had been agreed upon and consent had been given. But the third element necessary to constitute a sale, the thing, was still indeterminate. It is described as "one No. 75 McCray refrigerator (new style with gasket to be used with mechanical refrigerator)." Elsewhere in the order, it appears that the refrigerator is to be shipped F. O. B. factory in Kendallville, Indiana. It is true that the kind and quality of the refrigerator is given as No. 75, but the particular refrigerator to be shipped is not designated by any identification marks, so that any refrigerator No. 75 from the stock of intervener at Kendallville, would comply with the intent of the contracting parties. It then follows that the sale was not completed until interveners had segregated the refrigerator from their stock in Kendallville, Indiana, and delivered it to the common carrier for ransportation to Plaquemine, Louisiana. For this reason the contract must be viewed as an Indiana contract and not as one made in Louisiana.

"An agreement to sell is an executory contract; a sale is an executed contract. If the agreement to sell is not accompanied by delivery, the sale is not perfect until delivery, corporeally." Thompson vs. Mylne, 6 La. Ann. 84; State vs. Shields, 110 La. 547, 34 South. 673; D. Witt Shoe Co. vs. Seegars, 122 La. 145, 47 South. 444.

The presumption is that the vendor's privilege is not recognized by the law of Indiana. McIlvaine & Spiegel vs. Legare, 34 La. Ann. 923.

The other defense is in regard to the validity and recognition of the chattel mortgage.

The prayer of intervener's petition makes no mention of, or allusion to, the chattel mortgage, does not pray that said mortgage be recognized or declared executory, but proceeds entirely on the assumption that intervener's claim is based entirely on a vendor's lien and privilege. Plaintiff then concludes logically that any relief allowed under the chattel mortgage would be ultra petitionem or beyond the prayer of intervener's petition.

Again the statute authorizing the giving of chattel mortgages requires that the act evidencing the mortgage be signed in the presence of two witnesses and a notary public, in order to be effective against third persons. Intervener admits that the act which it annexes to its petition, was passed before a notary public the Parish of East Baton Rouge, and as whose functions as such are confined to the act states that it was passed in the Parish of Iberville, beyond the territorial limits within which the notary could legally act as such, it is not authentic in form as required by the statute. It is unnecessary for us to express any opinion upon this point as we believe that another objection to the validity of intervener's mortgage is fatal to its validity, viz: The lack of a description by which the property could be identified. It must be kept in mind that when the act was passed, title to the property had not yet passed from intervener to defendant, that any No. 75 refrigerator in the stock rooms of intervener would comply with the description given and that there was nothing to indicate the particular refrigerator which would be delivered to defendant. The statute requires that the description of the property should be full so that the same may be identified, and to that extent the act seems not to conform to the statute.

These defenses are somewhat technical, but keeping in view that privileges and mortgages must be strictly construed against the claimant, it cannot be said that the trial judge has erred in sustaining the exception of no cause of action.

The judgment appealed from is therefore affirmed.