No. 3347

Second Circuit

NEW WAY FAMILY LAUNDRY, INC.
v. LEBO
(SOUTHLAND INVESTMENT CO., INC.,.
Intervener)

(April 9, 1931.   Opinion and Decree.)

Blanchard, Goldstein & Walker, of Shreveport, attorneys for plaintiff, appellee.

J. G. Gibbs, of Shreveport, attorney for intervener, appellant.

McGREGOR, J.   The plaintiff, New Way Family Laundry, Incorporated, was the lessor of premises in the city of Shreveport, known as 1040 Marshall street, and the defendant, J. H. Lebo, was the lessee. The defendant failed to pay two months' rent, and plaintiff undertook to collect the same by having all the property on the leased premises provisionally seized. No appearance was made by the defendant and judgment by default was entered and confirmed.   Subsequent to the signing of this judgment, the Southland Investment Company, Incorporated, filed a petition of intervention and third opposition, wherein it asserted a superior lien on a portion of the property provisionally seized by virtue of a chattel mortgage, a copy of which was attached to the petition of intervener.   The intervener prayed for the separate appraisement and sale of the property on which it claimed a chattel mortgage and asked that the proceeds of the same be held in the hands of the city marshal, to be subsequently paid to it, the intervener, by preference and priority to satisfy its claim under its chattel mortgage. The necessary order was obtained and it appears that the sale was proceeded with and that the order as to a separate appraisement and sale was complied with by the proper parties.

An exception of no cause of action was filed by the New Way Family Laundry, Incorporated, plaintiff herein, and defendant in intervention.   Upon trial of the exception it was sustained and the intervention was dismissed.   From this judgment the intervener has appealed.

No appearance has been made in this court by the intervener, nor have we been favored with a brief in its behalf. The appellee has filed its brief and from it we learn that the ground on which the judge

of the lower court sustained the exception of no cause of action was that the description contained in the chattel mortgage is not sufficient to identify the property sought to be affected. In the body of the chattel mortgage the property is described as follows:

1 barbecue oven
1 coffee urn
1 gas cook stove
1 hamburger iron
1 steam table
1 barrel water cooler
1 lot of dishes, pans and cooking utensils
4 counters
3 tables.

There is nothing in this attempted description that would suffice to identify any of the property sufficiently to give the intervener a lien superior to the lessor's lien sought to be enforced by this provisional seizure. In support of its contention the plaintiff and defendant in intervention has cited the following authorities, which we think are convincing and decisive of the issue involved herein:

Consolidated Engineering Company, Inc., v. Laws, McCray Refrig. Sales Company, Intervener, 11 La. App. 676, 124 So. 775; Valley Securities Company, Inc., v. Stafford, Plauche-Locke Securities, Inc., Intervener, 8 La. App. 607; Le Corgne v. Garner, 7 La. App. 148; Durel v. Buchanan, 147 La. 804, 86 So. 189; Continental Bank & Trust Company v. Succession of McCann, 151 La. 555, 92 So. 55.

The judgment appealed from is correct, and is therefore affirmed, the intervener to pay the costs of the intervention in the lower court as well as the costs of this appeal.