No. 4291

Second Circuit

(Second Division)

————

ROBERTS v. ATKINS ET UX.
(BULLARD ET AL., Interveners)

————

(May 4, 1932. Opinion and Decree.)

————

Robert Roberts, Jr., of Shreveport, attorney for plaintiff, appellee.

Wallace & Hardeman, of Benton, attorneys for defendant, appellant.

TALIAFERRO, J. Plaintiff leased to W. A. Atkins and wife for one year ending November 30, 1931, certain property owned by him in Bossier City, La., for $40 per month. This suit was filed in October, 1931, to recover a balance of $385 due on the rent contract, and certain chattels found in the leased premises were provisionally seized.

Interventions and third oppositions were filed by Mrs. W. T. Bullard and Mrs. C. R. Hudson. The former claimed ownership of the seized property while the latter asserted a mortgage against same, which had been filed and recorded prior to date of lease to defendants, and prayed to be paid by preference from proceeds of sale. Plaintiff filed exceptions of no cause of action to both interventions. That filed in the Bullard case was sustained. He answered the Hudson intervention by general denial, except that said chattels had been seized and would be sold by the sheriff to pay the rent sued for.

The case was tried on an agreed statement of facts and resulted in rejection of Mrs. Hudson's intervention and judgment for plaintiff for the amount sued for with recognition of the lessor's lien and privilege on the seized property. Mrs. Hudson has appealed.

Plaintiff contends that the description of the property in the chattel mortgage held by Mrs. Hudson is not sufficient to identify it, within the meaning of the law, and therefore not effective as to third persons acquiring rights to or liens against it. It is conceded that the seized property is the same which Mrs. Bullard intended to grant the mortgage on, sought to be enforced by Mrs. Hudson, and it is conceded that said chattels were placed in the leased premises after June 17, 1930, the day the mortgage against them was recorded.

The description of the property in the chattel mortgage is as follows:

"1 horse shoe counter, 20 white porcelain stools, 16 chairs, 4 white porcelain tables, 1 coffee urn, water cooler, 1 large ice box, 3 light fixtures, 1 ceiling fan, 1 cash register, 1 6 hole stem table, 3 gas cook stoves, 2 hot plates, 3 common tables, 1 lot of dishes, cooking vessels and silverware valued at about $25.00."

The mortgage was originally given to First National Bank of Arcadia, La., and thereafter acquired by Mrs. Hudson. There is no reference in the mortgage as to the location of the chattels at that date, nor is there reference made as to the place the property would be carried for use. There is no descriptive reference to these chattels that would distinguish them from

others of same kind; the parish wherein they were located is not mentioned.

No one could, by reading the chattel mortgage, identify the property therein described as being the same as was used in the leased premises by defendants.

It is elemental that identification must be possible from the face of the instrument of mortgage in order to affect third persons acquiring rights against the mortgaged chattels. The lessor has a lien and privilege on the movables found in the leased premises. Laws that would modify or affect this benefit should be strictly construed.

Section 2 of Act No. 198 or 1918, our chattel mortgage law, reads as follows:

"That every such mortgage of property mentioned in Section 1 shall be in writing, setting out a full description of said property to be mortgaged, so that same may be identified."

Section 6 of the act requires registry of the mortgage in a book kept for that purpose by the recorder of mortgages, wherein he shall enter a description of the property and the particular place where it is located. The fact that fixing of location of the property is required to be stated in the registry of the act presupposes that the mortgage itself contains that information. The recorder would not be expected to ascertain this information dehors the mortgage.

The question here involved was considered in Pittsburgh Plate Glass Co. v. Lepow, reported in 10 La. App. 38, 120 So. 795, and in New Way Family Laundry, Inc., v. Lebo, 16 La. App. 157, 133 So. 463. These decisions make it clear that the description in Mrs. Hudson's mortgage is insufficient for the purpose of complete identification, and that the location of the property was an indispensable part of the description in order that third persons have notice of the mortgage. In the first of these cases, Judge Jones, as the organ of the court, quotes extensively from common-law authorities in support of the ruling herein made. There seems to be near unanimity of authority that the location of the mortgaged chattels is a necessary part of the description where identification cannot be made certain by marks, numbers, or other physical distinction.

The Lebo case, referred to, is on all fours with the present one. The description of the property in the mortgage involved in that case is, in a general way, practically the same as that in Mrs. Hudson's mortgage. No location of the mortgaged chattels was given in the act, and the court held that without such the description was defective and identification was lacking. Many authorities are referred to in that case which sustain the question therein passed on.

In the case at bar, a person examining the records of Bossier parish would have found that Mrs. Bullard had mortgaged these chattels to the First National Bank of Arcadia. Nothing appeared of record, so far as disclosed, that Mrs. Hudson owned this mortgage or that Mrs. Bullard had leased the chattels to the defendant. Had reference been made to the fact that these chattels were being used, or would be used, by defendants in plaintiff's property, a different situation would be presented, but, in the absence of such recital, no one could positively say, without knowledge of the facts dehors the record, that the mortgaged property and that seized in the leased premises was the same.

We are of the opinion the district judge correctly decided the case. The judgment appealed from is affirmed.