**HODGE v. COLLENS & CHAPMAN, Inc.**
**(NATIONAL SHOW CASE CO.,**
**Intervener).**
**No. 4753.**

Court of Appeal of Louisiana. Second
Circuit.

May 4, 1934.

Hudson, Potts & Bernstein, of Monroe, for
appellant.

S. E. Burgoyne, of Monroe, for appellee.

DREW, Judge.

Mrs. W. J. Hodge alleged that she was the owner of a building in Monroe, La., located at No. 2921 South Grand street; that on September 1, 1929, Dr. W. J. Hodge, since deceased, leased the building to the Hodge Drug Company, Incorporated, for a period of ten years; that after the death of Dr. Hodge his interest in said corporation was sold and the corporation's name changed to Collens & Chapman, Incorporated, which assumed the lease contract; that petitioner acquired said building at succession sale of the said Dr. Hodge; that there is a balance of $1,765 due for rent; and prayed for judgment against Collens & Chapman, Incorporated, for said amount. She coupled with her suit for rent a writ of provisional seizure, and under same there was seized all the merchandise and fixtures located in said building. There was no defense made to this suit, and she acquired judgment, as prayed for, by default and advertised the property for sale. The property seized and advertised for sale consisted of the following:

1 Soda fountain and equipment
10 Stools
6 Soda tables with 4 chairs each
3 Cash registers, Nationals
1 Tobacco case
1 Wrapping counter
6 Display cases
1 Candy case
12 Sections of wall cases
1 Aeroplane fan
6 Light fixtures
1 Gas heater
  Small lot drugs and patent medicines, and sundries and jewelry
1 Iron safe
1 Steel cabinet
1 Pair balance scales
1 Ice machine
1 McCaskey register
1 Ice box
1 Check writer
1 Coffee Urn
1 Typewriter (L. C. Smith)
1 Prescription case
1 Pair penny scales

Before the sale was held, the National Show Case Company, Incorporated, by intervention and third opposition, alleged that the defendant was indebted unto it in the sum of $1,341.17, with 8 per cent. per annum interest from July 31, 1929, until paid, together with 10 per cent. upon both principal and interest as attorney's fees. It attached to the

petition notes showing a balance due equaling the amount claimed, together with interest and attorney's fees. It alleged it was the holder and owner of the notes which, it alleged, were chattel mortgage notes and paraphed "Ne Varietur" to identify with a chattel mortgage of even date, to wit, August 13, 1929; that the chattel mortgage was executed to secure the payment of said notes, and covers the following described property:

1 Tobacco wall case
1 Special alcove
1 Backbar
1 Hot urn section
1 Section drug shelving, 308–O
2 Cornice connections 308–E
2 Cornice connections.
2 Panel and mirror sections
2 Gates
2 Sections buffet wall case
1 Display section
6 Sections buffet wall case
1 Magazine rack
2 Display windows with plateau bottoms
6 Display cases
1 Candy cooler case
1 Cigar case
1 Wrapping counter
1 Work counter
6 Soda tables
24 Chairs, black glass basing, finished Circassian walnut

By virtue of its chattel mortgage, it alleged a superior lien and privilege on the articles described therein than has the lessor. It prayed for the articles described in the chattel mortgage to be sold separate from the other property seized and for judgment against defendant and plaintiff recognizing its superior lien and privilege on the funds derived therefrom. The order was granted for the separate sale of the property, and it was purchased by intervener and third opponent.

Plaintiff admits that, if the mortgage is good, it primes her lien, but avers that the description contained in said mortgage is not adequate to affect third persons, and that she had no actual or constructive notice of said mortgage, and that it is null and void in so far as she is concerned.

The lower court rendered judgment in favor of the intervener and third opponent against defendant, Collens & Chapman, Incorporated, for the amount prayed for, recognized intervener's chattel mortgage, and ordered same enforced upon the property mortgaged, and that intervener and third opponent be paid the amount of said judgment by privilege, preference, and priority over all other persons from the funds received from the sale of said property. From this judgment plaintiff has appealed. There is no appeal by the defendant.

It is agreed by all parties to this suit that the only question for this court to determine is the adequacy of the description in the chattel mortgage. It is to be noted that the only figures or numbers which might be considered as descriptive of any of the property are as follows:

"308–O 1 Section drug shelving

"308–E 2 Cornice connections";
—and at the end of the description, the words "finished Circassian walnut."

The evidence shows that the numbers are only serial numbers and do not particularly describe or define any certain objects. All sections of drug shelving made by this concern of like kind bear the same serial number, and the same is true as to the cornice connections. It is entirely different from the numbers on an automobile.

The mortgage fails to state in what building the property is located, or to be located, or in what town, city, parish, or state, and is insufficient to give constructive or actual notice to third persons, and plaintiff is a third person.

The case of New Way Family Laundry v. Lebo, 16 La. App. 157, 133 S. E. 463, decided by this court in 1931, is directly in point, as is the case of Roberts v. Atkins, 19 La. App. 634, 141 So. 427, 428. In the latter case, decided by this court on May 4, 1932, we said:

"It is elemental that identification must be possible from the face of the instrument of mortgage in order to affect third persons acquiring rights against the mortgaged chattels. The lessor has a lien and privilege on the movables found in the leased premises. Laws that would modify or affect this benefit should be strictly construed.

"Section 2 of Act No. 198 of 1918, our chattel mortgage law, reads as follows: 'That every such mortgage of property mentioned in Section 1 shall be in writing, setting out a full description of said property to be mortgaged, so that same may be identified.'

"Section 6 of the act requires registry of the mortgage in a book kept for that purpose by the recorder of mortgages, wherein he shall enter a description of the property and the particular place where it is located. The fact that fixing of location of the property is required to be stated in the registry of the act presupposes that the mortgage itself con-

tains that information. The recorder would not be expected to ascertain this information dehors the mortgage.

"The question here involved was considered in Pittsburgh Plate Glass Co. v. Lepow, reported in 10 La. App. 38, 120 So. 795, and in New Way Family Laundry v. Lebo, 16 La. App. 157, 133 So. 463. These decisions make it clear that the description in Mrs. Hudson's mortgage is insufficient for the purpose of complete identification, and that the location of the property was an indispensable part of the description in order that third persons have notice of the mortgage. In the first of these cases, Judge Jones, as the organ of the court, quotes extensively from common-law authorities in support of the ruling herein made. There seems to be near unanimity of authority that the location of the mortgaged chattels is a necessary part of the description where identification cannot be made certain by marks, numbers, or other physical distinction.

"The Lebo Case, referred to, is on all fours with the present one. The description of the property in the mortgage involved in that case is, in a general way, practically the same as that in Mrs. Hudson's mortgage. No location of the mortgaged chattels was given in the act, and the court held that without such the description was defective and identification was lacking. Many authorities are referred to in that case which sustain the question therein passed on."

Also see Consolidated Companies v. Laws, 11 La. App. 676, 124 So. 775, decided by the First Circuit, and Valley Securities Co., Inc., v. Stafford (Plauche-Locke Securities, Inc.,) 8 La. App. 607.

In Soady Building Company v. Collins et al., 18 La. App. 164, 137 So. 631, we held the description of like property, as in this case, sufficient, for the reason that the mortgage specifically described the property as being "located in the Boise Hotel, 619½ Market Street, Shreveport, Louisiana." In that case we said that it is not shown that the property could have been described in any other way. We think that true in the case at bar. The property could not have been described other than it was, and therefore the particular location of the property mortgaged was an indispensable part of the description in order that third persons have notice. It is not contended that plaintiff had actual notice.

We therefore conclude that the judgment of the lower court in part is erroneous and same is reversed in so far as it recognized the right of third opponent to be paid the amount of its claim by privilege, preference, and priority over the claim of plaintiff, the lessor, out of the funds derived from the sale of the property seized by plaintiff; and that part of third opponent's demand wherein it claimed preference and priority over the claim of plaintiff out of the proceeds of the sale of the property seized is hereby rejected; in all other respects the judgment of the lower court is affirmed; costs of appeal to be paid by third opponent.