## CRESCENT REALTY CORPORATION OF DELAWARE v. McFLYNN.
### No. 14813.

Court of Appeal of Louisiana. Orleans.
March 4, 1935.

462

Joseph A. Casey, of New Orleans, for appellant Henry L. Heymann.

Chas. A. Willie and Daniel Wendling, both of New Orleans, for appellee Crescent Realty Corporation of Delaware.

LECHE, Judge.

The Crescent Realty Corporation of Delaware filed suit against James McFlynn under a written lease of the premises No. 1719 St. Charles avenue. It prayed for a writ of provisional seizure commanding the civil sheriff to provisionally seize the furniture and other property contained in the leased premises No. 1719 St. Charles avenue, as well as such part thereof as may have been removed to another building which is described. It further prayed for special recognition and maintenance of its lessor's lien and privilege asking that the seized property and effects be sold and that, out of the proceeds of said sale, they be paid their claim for rent with preference and priority over all other persons. The writ of provisional seizure issued and, no answer being filed, judgment was rendered as prayed for and signed on May 11, 1933. On June 13, 1933, the civil sheriff proceeded according to law to sell the seized property which was bought in by the plaintiff in this suit. On August 7, 1933, Henry L. Heymann, a third party to this proceeding, filed a motion alleging that he was the proprietor of the Home Finance Service, and that the movable property sold by the sheriff, as aforesaid, was encumbered with a chattel mortgage dated January 7, 1931, and recorded in M. O. B. 1436, folio 401; that said mortgage was to secure a note of $300 drawn by defendant, James McFlynn, and his wife to the order of the Citizens' Discount & Investment Company, and which said note was indorsed over to mover; that the civil sheriff, although informed before the time of said sale of the existence of the chattel mortgage proceeded to sell the property for a sum insufficient to satisfy and discharge mover's claim thereunder. It was further suggested that the adjudication by the sheriff to plaintiff should be annulled and set aside. The trial judge signed an order commanding the civil sheriff and the Crescent Realty Corporation to show cause on a certain day why the adjudication should not be annulled and set aside, reserving to mover all claims for damages which he may have, against the civil sheriff and Crescent Realty Corporation by reason of the illegal adjudication. Plaintiff, the Crescent Realty Corporation of Delaware, made defendant in the rule, filed exceptions of no right or cause

of action. The civil sheriff also excepted, alleging that the nullity of the adjudication, if any, was only relative and could be pronounced only in a direct action. It does not appear that any of the exceptions were fixed for trial, or, in fact, tried, argued, or passed upon by the trial judge. A defendant who does not insist upon the trial of his exceptions before the case is tried on the merits is presumed to have waived and abandoned them, and they cannot be urged on appeal. Hickman v. Dawson, 33 La. Ann. 438; Kuhn v. Embry, 35 La. Ann. 488; Harris v. Pickett, 37 La. Ann. 741; Ashbey v. Ashbey, 41 La. Ann. 138, 5 So. 546; State ex rel. Davis v. Police Jury, 120 La. 163, 45 So. 47; Succession of Lefort, 139 La. 51, 71 So. 215, Ann. Cas. 1917E, 769; and Doullut v. Smith, 117 La. 491, 41 So. 913. We, therefore, proceed to a consideration of the merits.

A reference to the chattel mortgage, a certified copy of which is contained in the record, shows it to be in the name of James McE. Flynn, which name is distinctly and entirely different from James McFlynn, and recordation under the former name cannot be held to be notice under the latter. Charrier v. Greenlaw Truck & Tractor Co., 2 La. App. 622. However, the most serious objection is to the description of the mortgaged property. The property is described as 1 rocker, 3 lamps, 1 table, 1 buffet, 6 chairs, etc. No marks of identification are given, and no mention is made of serial numbers or other devices by which the articles could be identified. In this respect the mortgage is fatally defective and does not comply with the terms of the statute. Durel v. Buchanan, 147 La. 804, 86 So. 189; Continental Bank & Trust Co. v. Succession of McCann, 151 La. 555, 92 So. 55; LeCorgne v. Garner, 7 La. App. 148; Valley Securities Corporation, Inc. v. De-Roussel, 16 La. App. 115, 133 So. 405; Roberts v. Atkins, 19 La. App. 634, 141 So. 427; Hodge v. Collens & Chapman, Inc. (La. App.) 154 So. 357. Following the description of the property, as above set forth, the act recites: "Contents of residence at 1718 St. Charles Avenue." The property was, in fact, never located at 1718 St. Charles avenue, but was located at 1719 St. Charles avenue and later removed to 1504 St. Charles avenue. The civil sheriff was, therefore, acting within his rights in adjudicating the property under the order of court, as a chattel mortgage defective in so many respects was not notice to him or any one else, nor does it make any difference that some one told him just a moment before the sale was made that there was a chattel mortgage. The remedy, if any, was by

proper legal procedure, and not by an informal statement at the last minute.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the rule taken by Henry L. Heymann be, and the same is hereby, dismissed at his cost.

Reversed.