## WILLIAMS v. MILLER (G. I. FRAZIER CO., Inc., Intervener).

### No. 4973.

Court of Appeal of Louisiana.
Second Circuit.

April 1, 1935.

Berry & Berry, of Winnsboro, and Madison, Madison & Fuller, of Bastrop, for intervener.

G. P. Bullis, of Vidalia, for appellee.

DREW, Judge.

Plaintiff instituted this suit against defendant on an open account. Defendant being an absentee, a writ of attachment issued under which there was seized a certain stave mill and all machinery therein located, in Concordia parish. Judgment was secured by default, and the property ordered sold to satisfy the judgment.

At this stage of the proceedings, G. I. Frazier Company, Inc., came into the suit by intervention and third opposition, alleging it was the holder of two promissory notes of defendant, one in the sum of $17,220 and one for $1,500; that the first note was secured by a chattel mortgage on one stave mill complete. The mortgage described the machinery in said mill and set forth that it was situated in the parish of Franklin and located on the Metropolis Bending Company tract. This mortgage was dated November 27, 1929, and duly recorded in the chattel mortgage records of Concordia parish, Book 11, folio 74; that the second note for $1,500 was secured by chattel mortgage dated November 16, 1932, and recorded in Chattel Mortgage Book 11, folio 99, Concordia parish, on the same date and bearing on the following described property located in Concordia parish: "1 Huston Stanwood boiler; 1 Chandler & Taylor engine; lineshaft; pulleys; belting; lister wheels; stage saw and frame; 1 pair joiner wheels; 1 equalizer frame; 1 bolting rig complete; stave trucks and everything embraced in the mill now located on Tensas River, one-half mile east of Clayton on lease from Rowe & Mahon."

It alleged its mortgage was superior in rank to the privilege acquired by plaintiff, by virtue of the writ of attachment, and asked that its mortgage be recognized as a first privilege on the property seized.

Plaintiff answered the intervention admitting the chattel mortgages were passed before a notary and two witnesses, as alleged, in Concordia parish, but denied that any property covered by said mortgages was situated in Concordia parish or had ever been situated there. He further alleged that the mortgages recite that the property mortgaged is situated in Franklin parish, and, further, that the description of the machinery in said mortgage is too vague and uncertain to describe any property situated anywhere. Plaintiff further alleged that he extended credit to defendant on the faith of the records showing there was no mortgage on the property of defendant in Concordia parish.

Defendant confessed judgment in favor of intervener for the amount it claimed under the two notes.

The case was tried upon the pleadings and documents annexed, and no other testimony of any kind was offered. The lower court in a written opinion awarded judgment to intervener, as against defendant, for the amount claimed, and rejected its demand as against plaintiff. Intervener has perfected this appeal.

In this court it is admitted that the first mortgage does not cover the property seized by plaintiff and, as the only question here is the ranking of the claims of plaintiff and intervener, we will deal only with the $1,500 chattel mortgage, of date November 16, 1932, which, if good and binding on the property seized herein, will outrank plaintiff's claim. The only part of the mortgage under attack is the description therein which reads as follows: "The following described property situated and being in the Parish of Franklin, to-wit: 1 Huston Stanwood boiler; 1 Chandler & Taylor engine, lineshaft, pulleys, belting, lister wheels, stave saw and frame. 1 pair joiner wheels, 1 equalizer frame, 1 bolting rig complete, stave trucks and everything embraced in the mill now located on Tensas River, one-half mile east of Clayton on lease from Rowe and Mahon."

The mortgage further stipulates as follows: "Said mortgagor further obligates and binds himself not to sell, mortgage, alienate or otherwise encumber said property to the prejudice of this mortgage; not to move same out of the Parish of Franklin without the written consent of the mortgagee."

The mortgage also shows on its face to have been prepared and executed in the parish of Franklin.

Was this description, location, and parish, as set out in the chattel mortgage, sufficient to give notice to third persons dealing with defendant that there was a chattel mortgage on his stave mill in Concordia parish?

The learned district judge, in passing on this question, had the following to say:

"Section 2 of Act No. 198 of 1918, provides that every such mortgage mentioned in Section 1 thereof shall be in writing, setting out a full description of said property to be mortgaged so that the same may be identified. Section 6 of the same Act provides that the recorder of mortgages, in addition to registering the mortgage in a book kept for that purpose, shall enter a description of the property and the particular place where it is located. Our courts have repeatedly held that, by reason of the fact that the location of the property is required to be stated in the registry of the Act, it is presupposed that the mortgage itself shall contain this information. It would be unreasonable to expect the recorder to ascertain the location of the property dehors the act.

"It is the opinion of this court that the description of the property mortgaged, standing alone, is insufficient for identification. The articles mortgaged are not identified by such marks or numbers that they might be distinguished from other articles of a similar make. The words 'one stave mill complete' is not a sufficient physical definition or description to distinguish it from many other stave mills located in that vicinity. The defect of the description of the property under examination is, however, not so insufficient that it might not be cured provided the necessary location thereof is given. Our courts have repeatedly held that where the marks, numbers or other physical distinctions of mortgaged property are defective or insufficient for identification alone, the location of the property becomes a necessary part of the description. Hodge v. Collens & Chapman (La. App.) 154 So. 357; Soady Bldg. Co., Ltd., v. Collins, 18 La. App. 164, 137 So. 631.

"The first mortgage above executed very definitely and particularly described the property in question as being located in Franklin Parish and therefore can be of no assistance or aid to intervenor's claim.

"In the second mortgage, the body of the act itself describes the property as being located in Franklin Parish. At the end of the description of the property, the following words are included,—'everything embraced in the mill now located on Tensas River about one-half mile east of Clayton on the lease of Rowe & Mahon.' Intervenor contends that this latter clause would be sufficient to give

notice to a third person, notwithstanding the error of the location in the body of the act, as 'about one-half mile east of Clayton' is in Concordia Parish.

"This would be true if 'Clayton,' a small village located on the north boundary line of Concordia Parish, was of such universal prominence and of such size that there could be no doubt in the minds of a third person of its location. To further confuse the matter, it is a geographical fact that Tensas River borders on Franklin Parish, as well as Concordia Parish. The location, as described in this second mortgage, is by no means an impossible or improbable one. It is not improbable that a third person would not be lulled in his security instead of being placed on his guard, if, on examining the records he should find a location of property to be the same in two different acts and both locations are probable and possible.

"In the present instance, the court is of the opinion that the errors of location add further confusion instead of rendering assistance to the deficient description of the property itself."

While we agree with the finding of the lower court, there is yet another phase of the case which we think completely destroys intervener's claim to a priority of privilege on the property seized by plaintiff.

It must be borne in mind that no evidence was offered by either party to this suit. Intervener did not prove that the property covered by the mortgage was actually in Concordia parish; neither did it allege or prove error in the mortgage wherein it is stated that the property is situated in Franklin parish. Without such proof, the court cannot hold that the property covered by the mortgage was located in any other parish than the parish recited in the act of mortgage, and, without being able to so find, it cannot be presumed that plaintiff had actual knowledge of the location of the property in some other place than that recited by the act of mortgage. Whether or not proof could have been made as to the true location of the property and as to the actual knowledge by plaintiff of its location is beside the question, since no proof has been offered.

There is nothing in the record to show there was not a stave mill owned by defendant in Franklin parish on the location recited in the act of mortgage nor to show that the Rowe & Mahon lease is not in Franklin parish. Without proof, we cannot hold the property covered by the chattel mortgage was located at any place other than that recited by the act, and especially so when plaintiff specifically denied that the property covered by the chattel mortgage was located in Concordia or that it had ever been located there. That being true and the property seized by plaintiff being located in Concordia parish, it is certain intervener's claim cannot outrank that of plaintiff.

We find no error in the judgment of the lower court, and it is affirmed, with costs.