PEOPLES HOMESTEAD & SAVINGS ASS'N v. CANN et al.

No. 5622.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1938.

M. C. Redmond, of Monroe, for appellant.

H. D. Montgomery and J. H. Dormon, both of Monroe, for appellees.

HAMITER, Judge.

A default judgment predicated on a rent claim was obtained on February 13, 1937, by the Peoples Homestead & Savings Association against W. D. Cann. Execution under this judgment was had, and numerous articles of furniture belonging to the judgment debtor were seized.

Prior to the date fixed for holding the judicial sale of the seized property, J. T. Roye filed in the proceeding a petition of intervention and third opposition in which he asserts a privilege on the furniture superior to the claim of the seizing creditor. An act of chattel mortgage, executed by W. D. Cann to secure a promissory note given by him and duly recorded before the existence of the rent claim, forms the basis of this assertion. Third opponent prays for recognition of his alleged privilege and that his claim be paid out of the proceeds of the sheriff's sale by preference and priority over all other persons.

In answer to the opposition, the rent claimant avers the invalidity of the act of chattel mortgage on several grounds, and particularly for the reason that the property referred to therein is inadequately described.

The trial judge dismissed the opposition after a regular hearing, and third opponent appealed.

It is stated in the briefs of counsel for the parties litigant that the appeal presents only one question for determination, viz., Does the act of chattel mortgage contain a description of the seized chattels sufficient to render the stipulated privilege valid and binding as against the seizing creditor?

The description given in the attacked instrument is:

1 Walnut sofa
1 Walnut cradle rocking chair
1 Windsor chair, walnut
4 Straight walnut chairs
1 Piano & bench, Hamilton make
2 Marble top walnut tables
1 oblong walnut table
2 Round top walnut tables
1 Oil painting, large, walnut and gold frame
1 Oil painting, gold leaf frame
1 9x12 rust rug, Alexander make
1 Handmade welch dresser (gate leg base)
1 Dining room table
5 Dining room chairs
1 Host chair
1 Buffet
1 Kitchen stove
1 Four post walnut bed
1 Marble top dressing table
1 Dressing table
2 Bedroom rockers
1 High back rocker & foot stool
1 Walnut bed, half tester
1 Dresser
1 Chest of drawers
2 Iron beds
1 Singer sewing machine
1 Radio
Lamps and bric-a-brac
1 Brass clock
1 Walnut baby bed
1 Ivory baby bed

No reference whatsoever to an existing or contemplated location of the mortgaged property is made in the act under consideration.

According to the provisions of section 2 of the Louisiana Chattel Mortgage Law, which is Act No. 198 of 1918, every mortgage of property mentioned in the statute shall be in writing, and must furnish a full description of the chattels to be mortgaged so that same may be identified.

In interpreting the referred to section, the appellate courts of this state have on numerous occasions held that with respect to third persons the mortgage instrument affords no privilege or lien to its holder if it does not describe the affected chattels with that degree of certainty which permits of their proper identification. Exchange National Bank v. Palace Car Co., 1 La.App. 307; Valley Securities Co. v. Stafford, 8 La.App. 607; New Way Family Laundry, Inc. v. Lebo, 16 La.App. 157, 133 So. 463; Roberts v. Atkins, 19 La.App. 634,

141 So. 427; Burglass v. Manfre, La.App., 168 So. 328.

When the act of chattel mortgage involved in the instant case is viewed in the light of the mentioned statutory provisions and jurisprudence, and consideration is given to the fact that rights of a third party are herein concerned, the conclusion must be reached that the movables listed are insufficiently described. There is no descriptive reference in the writing by which the articles may be distinguished from innumerable other household necessities and equipment of like kinds. The naming of the factories which make the chattels, as was done in several instances in the instrument, does not of itself provide suitable identification. Countless thousands of similar ones are produced annually by the respective manufacturing concerns.

We find no error in the judgment dismissing the third opposition, and it is affirmed, with costs.