GUIDRY, Judge.
Plaintiff, Warren Refrigerator Company, filed suit on November 12, 1982 against Fosti Midstream Fueling and Service, Inc. (Fosti), Coastal Foods and Services, Inc. (Coastal), Carl James LeCompte, Sr., and Hayes Peter Picou, Sr.
Plaintiff sold equipment to Fosti on November 12, 1979 and November 15, 1979. Plaintiff alleged it secured chattel mortgages on the equipment sold for each sale which were properly recorded. Fosti subsequently filed for reorganization under Chapter 11 of the Bankruptcy Code and, on March 16, 1982, the trustee abandoned any interest in the equipment Fosti had purchased from plaintiff. Plaintiff alleged in its petition that Coastal, LeCompte and Pi-cou were third possessors of the equipment on which plaintiff had a vendor’s privilege and chattel mortgages.
Plaintiff sought judgment against Fosti, in rem only, for the sums of $7,544.58 and $1,019.24 plus 25% on both sums as attorney's fees and judgment against Coastal, LeCompte and Picou for the rental value of the equipment sold by plaintiff to Fosti from March 16, 1982 until the equipment was returned to plaintiff. Plaintiff also sought recognition of a vendor’s privilege in its favor as well as recognition of the chattel mortgages.
Fosti did not answer plaintiff’s petition. Hayes Picou, Sr. and Jean Picou, d/b/a Saver’s Grocery of Cameron, Inc. (formerly Coastal), answered generally denying all allegations contained in plaintiff’s petition and further answered alleging that the chattel mortgages were invalid and that their lessor’s privilege primed plaintiff’s interest in the property.[1] James LeCompte, Sr. was dismissed from the suit on motion of plaintiff.
At trial, the litigants stipulated to the following. Plaintiff sold to Fosti equipment as described in documents dated November 12, 1979 and November 15, 1979; the equipment described in the November 12th document was delivered to Fosti at its place of business in Cameron on December 6, 1979; the equipment described in the November 15th document was delivered to Fosti on the dates of December 12 and December 20, 1979; Coastal leased to Fosti certain immovable property located in Cameron Parish, Louisiana, which lease was recorded in the records of Cameron Parish on December 14, 1979.[2] Fosti went into bankruptcy and thereafter the trustee abandoned any interest in the movable equipment described in the documents dated November 12 and November 15, 1979; and, Coastal informed Fosti that the predial lease terminated as of January 31, 1982 because of Fosti’s violation of the lease terms.
The trial court rendered judgment in rem in favor of plaintiff and against Fosti for the balance owed on the equipment, i.e., the sum of $8,563.82 plus 25% on the aggregate thereof as attorney’s fees and rejected all other demands of the parties. In its written reasons for judgment, the trial court held that the question of whether Coastal was entitled to a lessor’s privilege on the equipment sold by Warren to Fosti was not before the court. Also, the lower court concluded that the chattel mortgages executed in favor of plaintiff were invalid and the court additionally refused to recognize a vendor’s privilege in favor of plaintiff. Finally, the trial court found it unnecessary to rule upon the issues concerning the use of the equipment pending litigation. Plaintiff appeals. Defendants neither appealed nor answered the appeal.
The trial court, in its written reasons for judgment, made the following comments regarding the two chattel mortgages:
*1346 “NOVEMBER 14, 1979 INSTRUMENT
In the November 14th instrument, no note is described. Rather, the word ‘delivery’ was stricken and the word ‘Invoice’ was added by a typewriter. A thorough reading of this instrument describes the following financial arrangement between Warren and Posti. Of the $27,562.50 sales price, $5,512.50 was paid at the time of the order and $22,050.00 was to be paid upon invoice. No further credit arrangement is described. The blanks to be used in the note description were each filled in with an ‘x’ suggesting that no note existed. This would be consistent with a payment of the balance at the time that Fosti was invoiced after delivery of the purchased items.
INSTRUMENT OF NOVEMBER 16, 1979
Using the same form described in the preceding discussion, this instrument gave a total sales price of $4,094.00 of which $895.00 was paid at time of order. In the section showing the amount to be paid upon delivery, an ‘x’ was inserted in the blank space allotted for insertion of amount payable. The subsequent section of the instrument explained that the balance of $3,200.00 was to be reduced to a promissory note of even date. The only additional description of the note was that it was to be paid in one installment. The due date or time for that installment was not given. L.R.S. 9:5352 directs that in connection with the sum secured by p, chattel mortgage, ‘there shall also be stated whether the same be payable on demand or what fixed or determinable future time’. This instrument fails to supply this element. It is a crucial deficiency because a third party, like Saver’s, cannot determine from the instrument when the obligation matures.
FINDING
Both instruments fail to meet the requirements for valid chattel mortgages in the State of Louisiana. The November 14th instrument negates the existence of indebtedness secured by mortgage through its very terms. The November 16th instrument fails to supply the time of payment of the obligation as required by R.S. 9:5352.”
As noted by the trial court, La.R.S. 9:5352 sets forth the requisites necessary for the execution of a valid chattel mortgage. La.R.S. 9:5352 states in pertinent part:

A. Every chattel mortgage shall be in writing and the obligation secured thereby shall be described and the exact sum secured thereby shall be stated, or, if the same is to secure future advances, then the maximum amount thereof shall be stated, and there shall also be stated whether the same is payable on demand or what fixed or determinable future time....”
In United Novelty Co., Inc. v. Salemi, 68 So.2d 808 (La.App. 2nd Cir.1953), the Louisiana Second Circuit Court of Appeal observed:
“... It has long been established by our jurisprudence that chattel mortgages, being in derogation of common rights, are to be strictly construed and that the statutory provisions for the execution and recordation of such instruments are to be rigidly enforced. A clear and succinct statement of this principle is to be found in the opinion of the late Judge Taliaferro of this court in Smith v. Bratsos, La.App., 12 So.2d 241, 243, (certiorari granted and judgment of the Court of Appeal reversed on other grounds, 202 La. 493, 12 So.2d 245). The principle was reiterated in the following language of the opinion:
‘To bring into existence the lien and privilege established by the statute, strict compliance with its requirements must be pursued. Such liens and privileges, it is uniformly held, are stricti juris. All prerequisites to their birth must be strictly observed. This principle is firmly imbedded in the jurisprudence of this state since legalization of chattel mortgages. Peoples Homestead & Savings Association v. Cann et al., La.App., 180 So. 197; Valley Securities Co., Inc. v. De Roussel, 16 La.App. 115, 133 So. 405; Consolidated Companies v. Laws, 11 La.App. *1347 676, 124 So. 775; New Way Family Laundry, Inc. v. Lebo, 16 La.App. 157, 133 So. 463.’ ”
On appeal, plaintiff argues that the requirements of La.R.S. 9:5352 were met in this case. Plaintiff asserts that the chattel mortgages were in writing; the obligations secured were adequately described; and, the exact sum secured by the chattel mortgages was set forth.
The chattel mortgage, referred to by the trial court as the November 14, 1979 instrument, describes the obligation secured as being a promissory note yet the instrument fails to set forth the amount of the note or its due date as required by La.R.S. 9:5352.
The chattel mortgage, referred to by the trial court as the November 16,1979 instrument, describes a promissory note as being the obligation secured in the amount of $3,200.00 payable in one installment. The instrument, however, fails to set forth the time of payment as required by La.R.S. 9:5352. Also, the $3,200.00 note was not made a part of the record.
In light of the foregoing, we conclude that the trial court was correct in declaring the chattel mortgages invalid for failure to comply with La.R.S. 9:5352.
Plaintiff also questions the trial court’s refusal to recognize a vendor’s privilege in its favor on the equipment sold to Fosti.
The record reflects that plaintiff sold Fosti several items of equipment used in the grocery business, all of which were movable property. By the terms of the sale agreements, the vendee, Fosti, was not obligated to pay the entire purchase price at the time the sale was executed. Under Article 3227 of our Civil Code, plaintiff was granted a vendor’s privilege on the movable property at the time of the sale. Article 3227 provides in pertinent part:
“Art. 3227. He who has sold to another any movable property, which is not paid for, has a preference on the price of his property, over the other creditors of the purchaser, whether the sale was made on a credit or without, if the property still remains in the possession of the purchaser.
So that although the vendor may have taken a note, bond or other acknowledgment from the buyer, he still enjoys the privilege.”
We note that the burden of establishing the existence of the vendor’s privilege rests with the vendor. Hemenway Furniture Co. v. Lindsay, 161 So. 27 (La.App. 2d Cir.1935). In order, at this time, to recognize the vendor’s privilege in favor of plaintiff, we must find that possession of the movables sold remained with the vendee, Fosti. The other requirements of Article 3227 are clearly met.
As aforestated, Fosti filed for reorganization under Chapter 11 of the Bankruptcy Code. The trustee subsequently abandoned any and all interest in the property in question. Generally, property abandoned by a trustee reverts back to the bankrupt’s estate subject to any encumbrances existing on the property, although, in some eases, abandonment may be to any party with a possessory interest in the property abandoned. 9 Am.Jur.2d, Bankruptcy, Sec. 256 (1980). There is no evidence in this case to support a finding that the property was abandoned to a particular party. Hence, we conclude that when the trustee abandoned the property the legal right to possess same vested in Fosti subject to any encumbrances existing thereon.
There is nothing in the record establishing that anyone other than the bankrupt, Fosti, has since acquired a right to possess the movable equipment in question. Although it must be conceded that, at the time the instant suit was filed, the property in question was not in the physical possession of Fosti, the latter’s right to possess the property is not shown to have been divested.
In the instant case, the record appears to reflect that the movable equipment in question is in the physical possession of Hayes Picou and/or Hayes Picou and Jean Picou, d/b/a Saver’s Grocery of Cameron, Inc. Although Jean Picou and Saver’s were never made parties to this suit, they joined *1348 with Hayes Picou in filing an answer alleging that they were entitled to a lessor’s privilege on the property.
We, like the trial court, do not consider this pleading as a proper assertion of a claim for enforcement of a lessor’s privilege. Additionally, there is no evidence in this record to indicate any indebtedness by Fosti to Hayes Picou and/or Hayes Picou and Jean Picou, d/b/a Saver’s Grocery of Cameron, Inc., for past due rent or that either is entitled to a lessor’s privilege on the property in question. We express no opinion regarding whether such parties may ultimately be entitled to a lessor’s privilege on the equipment.
In our view, the vendor’s preference established by La.C.C. Art. 3227 is viable so long as the right to possession of the movable property remains in the vendee, although it be shown that others without color of right have taken physical possession of the movable effects.
We thus conclude that plaintiff has established its right to recognition of its vendor’s privilege and the trial court erred in denying plaintiff that relief.
In its petition, plaintiff additionally prayed for judgment for the fair market rental value of the equipment from March 16, 1982 until the equipment is returned to the possession of plaintiff. The trial court rejected plaintiff’s demands in this regard. We find no error in the trial court’s rejection of this claim. Plaintiff is not the owner of the property for which it seeks a fair market rental value. Plaintiff’s claim, in regard to the property in question, must be restricted to the balance due it on its sale to Fosti and recognition of its vendor’s lien.
For the foregoing reasons, the trial court’s judgment is amended so as to recognize a vendor’s lien in favor of plaintiff, Warren Refrigerator Company, on the movable equipment described in the documents dated November 12, 1979 and November 15, 1979 (Plaintiffs Exhibit “C” in Globo) to the extent of the in rem judgment rendered in its favor against Fosti Midstream Fueling and Service, Inc. In all other respects, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED AS AMENDED.

. Jean Picou and Hayes Picou, Sr. and Jean Picou, d/b/a Saver’s Grocery of Cameron, Inc., were never made parties defendant in this suit.

. Presumably the equipment sold by Warren to Fosti was delivered to and kept on the premises leased by Coastal to Fosti, although this is not made clear in the record.